UNITED STATED DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HUBERT BACK,<br><br>Plaintiff,<br><br>vs.<br><br>DANKA CORPORATION, DANKA OFFICE IMAGING COMPANY, and DANKA CORPORATION SEVERANCE PAY PLAN,<br><br>Defendants. | **STIPULATION AND ORDER TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 00-2177 DSD/JMM |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the parties through their respective counsel, hereby stipulate and agree that the Plaintiff shall be permitted to file forthwith his Second Amended Complaint, which is attached as Exhibit A.

Defendants enter into this Stipulation without waiver of any and all defenses to the Second Amended Complaint. Counsel for the Defendants acknowledge service of a copy of Plaintiff's Second Amended Complaint.

The parties further stipulate and agree that Defendants shall have twenty (20) days from the date of the Court's approval of this Stipulation and Order to answer or otherwise respond to the Second Amended Complaint.

Dated: January 11, 2001

James V. Roth (#93774)
MESSERLI & KRAMER P.A.
1800 Fifth Street Towers
150 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 672-3600

ATTORNEYS FOR PLAINTIFF

FILED 1-17-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

Dated: January 10, 2001

Frank E. Vogl
Frank E. Vogl (#113050)
BEST & FLANAGAN LLP
4000 U.S. Bank Place
601 Second Avenue South
Minneapolis, Minnesota 55402
Telephone: (612) 339-7121

ATTORNEYS FOR DEFENDANTS

**ORDER**

**IT IS SO ORDERED.**

BY THE COURT:

Dated: January 16, 2001

David S. Doty
Senior Judge of U.S. District Court

476933_1

UNITED STATED DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HUBERT BACK,<br><br>Plaintiff,<br><br>vs.<br><br>DANKA CORPORATION, DANKA OFFICE IMAGING COMPANY, and DANKA CORPORATION SEVERANCE PAY PLAN,<br><br>Defendants. | Case No. 00-2177 DSD/JMM |

**SECOND AMENDED COMPLAINT**

Plaintiff Hubert Back, a former employee of Defendants Danka and Eastman Kodak Company, Inc., brings this action for payment of severance pay wrongfully withheld from him in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.; for breach of contract, and for damages for Defendants Danka Corporation and Danka Office Imaging Company's violation of Minnesota Statutes Section 176.82, stating and alleging his claims as follows:

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction over Plaintiff's ERISA claim(s) under 29 U.S.C. § 1001, et seq. and 28 U.S.C. § 1331. The Court has diversity jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332. As described below, the parties are citizens

EXHIBIT A

of different states and the matter in controversy exceeds $75,000. The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the District of Minnesota because Defendants do business in Minnesota and have engaged in or ratified illegal conduct that has adversely affected Plaintiff in Minnesota.

## BACKGROUND

1. Plaintiff Hubert Back ("Back") is a Minnesota citizen who resides at 14724 Lower Endicott Way, Apple Valley, Minnesota 55124.

2. Defendant Danka Corporation is a Delaware corporation with a place of business at 7905 Golden Triangle Drive, Eden Prairie, Minnesota and its headquarters at 11201 Danka Circle North, St. Petersburg, Florida 33716 /725 Melpark Drive, Nashville, Tennessee 37204.

3. Defendant Danka Office Imaging Company is a Delaware corporation with a place of business at 7905 Golden Triangle Drive, Eden Prairie, Minnesota, and its headquarters at 11201 Danka Circle North, St. Petersburg, Florida 33716/725 Melpark Drive, Nashville, Tennessee 37204.

4. On information and belief, Danka Corporation merged into Danka Office Imaging Company on or about April 13, 1998. Danka Office Imaging Company is therefore successor-in-interest to Danka Corporation. (Both parties shall hereinafter be collectively referred to as "Danka".)

5. Upon information and belief, Defendant Danka Corporation Severance Pay Plan is an employee welfare benefit plan governed by ERISA. Danka is the plan administrator for the Severance Plan.

6. Back began working for Eastman Kodak Company, Inc. in about August 1988 following its acquisition of a division of Mr. Back's former employer, IBM. Kodak gave Mr. Back credit for his years of service with IBM. Accordingly, for seniority purposes, Mr. Back's effective date of hire with Kodak was July 7, 1969. Back performed a number of different jobs during his employment with Kodak. Most recently, Back served as a Customer Service Representative of Kodak.

7. On December 31, 1996, Danka, or its predecessor in interest, Danka Business Systems PLC, and Kodak entered into an agreement for Danka to acquire the sales, marketing, and equipment service operations of Kodak's Office Imaging ("OI") business, as well as Kodak's facilities management business, which were formerly known as Kodak Imaging Services (the "Acquisition").

8. Following the Acquisition, Back became a Danka employee and served as Customer Service Representative of Danka.

9. Back suffered a work-related left shoulder injury at Danka on or about August 4, 1997. Back began a leave of absence related to his work-related injury on or about August 4, 1997. Back filed a claim for workers' compensation benefits during that same month.

10. Sometime after the commencement of his workers' compensation leave, Mr. Back learned that Danka was eliminating certain customer service positions. Some of Mr. Back's colleagues from Danka informed him that his position was slated for elimination.

11. In October 1997, Jeff Faruggia, a Danka manager and Mr. Back's supervisor, telephoned Mr. Back during his workers' compensation leave and asked him to return his company truck, tools, and other work-related items to Danka. Mr. Faruggia did not state why he was asking Mr. Back to return Danka's property to Danka during his workers' compensation leave.

12. When pressed by Mr. Back, Mr. Faruggia told Mr. Back that his position would be eliminated when he returned from leave.

13. Mr. Faruggia subsequently announced to Mr. Back's coworkers that Danka had decided to eliminate Mr. Back's position.

14. In January or February 1998, Mr. Faruggia's supervisor, Barry Michael Terry, contacted Mr. Back at home one evening and asked him when he wanted to come in to sign papers for his termination.

15. On or about September 13, 1999, Danka sent Mr. Back a letter stating that Danka was terminating his employment. The letter contained no instructions regarding Mr. Back's right to severance pay or his rights under the Danka Corporation Severance Pay Plan. Accordingly, Mr. Back was not required to exhaust administrative remedies.

16. As a Danka employee, Mr. Back was covered by Danka's employee benefit plans, including the Severance Pay Policy described in the 1997 Danka Employee Handbook.

17. The Severance Pay Policy provides that "Danka provides severance pay to any employee who is involuntarily terminated due to elimination of the employee's position. Severance pay will not be provided if the employee resigns or is terminated for cause or performance reasons."

18. In general, the Severance Pay Policy further provides that Danka pays severance pay according to an employee's years of service.

19. The Severance Pay Policy contains the following specific provision for Kodak employees like Mr. Back:

> *Special Note to former Kodak employees:*
>
> For 18 months after the acquisition closing, any former Kodak employee hired as a direct result of the Kodak OI, KIS and CES

> acquisition whose positions [sic] is eliminated will be paid severance based on his/her respective divisions' Termination Allowance Plan in effect as of Dec. 31, 1996.

20. Mr. Back is a former Kodak employee whom Danka hired as a direct result of the Kodak OI Acquisition.

21. Under Kodak's Termination Allowance Plan ("TAP"), an employee who is laid-off as part of a down-sizing is eligible for termination allowance benefits in an amount based on years of service with the company. With 30 years of service, Mr. Back is eligible for the maximum amount of benefits available under the TAP, which equals one year of his full salary or approximately $45,760.00. Under the TAP, Mr. Back also is entitled to a retraining allowance of up to $5,000; to outplacement, and to four months of paid group insurance benefits.

22. On or about January 1, 1997, Danka adopted its Danka Corporation Severance Pay Plan consistent with its Severance Pay Policy described in paragraphs 16 through 19 above.

23. Back is eligible for retirement benefits under the terms of the Kodak Retirement Income Plan. Back needs Danka to complete accurate forms regarding his termination in order to receive payment of benefits. By its refusal to do so, Danka has caused additional damage to Back in the amount of retirement benefits for which he is otherwise eligible.

**COUNT I**

**(Violation of ERISA)**

24. Back realleges and incorporates by reference paragraphs 1 – 23 above.

25. Back is entitled to benefits under the Danka Severance Pay Plan.

26. Defendants have refused to pay Back the benefits to which he is entitled.

27. By their failure to pay benefits owed, Defendants have violated ERISA.

28. By their failure to pay benefits owed, Defendants have breached their fiduciary duty to Plaintiff under ERISA.

**COUNT II**

**(Violation of Minnesota Statutes Section 176.82 against Danka)**

29. Mr. Back realleges and incorporates by reference paragraphs 1 – 28 above.

30. Mr. Back has received workers' compensation benefits because of a work-related injury at Danka in August 1997.

31. Mr. Back's supervisor informed him his position was being eliminated in October 1997 following a managers' meeting that occurred sometime between August and October 1997.

32. Danka informed Mr. Back of its decision to terminate him in 1999.

33. Upon information and belief, Danka's decision to eliminate his position and/or to terminate Mr. Back was motivated, in whole or in part, by the fact that Mr. Back had applied for and received workers' compensation benefits.

34. Mr. Back is entitled to damages, costs and attorneys' fees, and punitive damages for Danka's violation of Minnesota Statutes Section 176.82.

**COUNT III**

**(Breach of Contract)**

35. Mr. Back realleges and incorporates by reference paragraphs 1 – 34 above.

36. Through their detailed employee handbooks and other communications about employee benefits, Defendants offered Mr. Back certain benefits, which he accepted in exchange for his agreement to work for Kodak and then for Danka.

37. Defendants have breached their contracts with Mr. Back by failing to provide the benefits they promised.

WHEREFORE, Hubert Back respectfully requests that this Court:

(a) Award Back reasonable compensatory damages, in excess of $75,000;

(b) Award Back all damages to which he is entitled under Minn. Stat. § 176.82, including without limitation his costs, reasonable attorneys' fees, and punitive damages;

(c) Award Back his reasonable attorneys' fees and costs; and

(d) Award Back such additional further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Hubert Back demands a trial by jury in this action on all counts triable by jury.

____________________________
James V. Roth (#93774)

MESSERLI & KRAMER P.A.
1800 Fifth Street Towers
150 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 672-3783

ATTORNEYS FOR PLAINTIFF

Dated: January ___, 2001.

476776_1