UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2177 (DSD/JMM)

Hubert Back,

Plaintiff,

v. **ORDER**

Danka Corporation, Danka Office Imaging Company and Danka Corporation Severance Pay Plan,

Defendants.

James V. Roth, Esq., Madhulika Jain, Esq., and Cheryl A. Stanton, Esq., and Messerli & Kramer P.A., 1800 Fifth Street Towers, 150 South Fifth Street, Minneapolis, Minnesota 55402-4218, counsel for plaintiffs.

Frank Vogl, Esq. and Best & Flanagan LLP, 400 U.S. Bank Place, 601 Second Avenue South, Minneapolis, Minnesota 55402,and Michelle Frazier, Esq. and Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, Minnesota 55402, counsel for defendants.

This matter is before the court upon a motion for summary judgment by defendants Danka Corporation, Danka Office Imaging Company and Danka Corporation Severance Pay Plan (collectively referred to as "Danka") against plaintiff Hubert Back ("Back"). Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants Danka's motion for summary judgment.

FILED 4-17-2
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 4-17-2
Deputy Clerk's Initials

## BACKGROUND

Back was a long-time employee of Danka and its predecessors, Eastman Kodak Company, Inc. ("Kodak") and IBM. He worked for Danka as an office equipment repair technician and customer service representative until August 4, 1997, when he suffered a work-related injury to his shoulder. He immediately began a leave of absence from Danka. Shortly thereafter, Back filed a claim for worker's compensation benefits. Back never returned to active employment with Danka. Back brought this action against Danka for payment of severance pay allegedly wrongfully withheld from him in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, et seq., for breach of contract and for retaliatory discharge, in violation of Minnesota Statute Section 176.82. Danka now moves for summary judgment and the court grants its motion.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

## II. Danka's Motion for Summary Judgment

Danka moves for summary judgment on plaintiff's ERISA, retaliatory discharge and breach of contract claims. The court examines Danka's motion with respect to each claim in turn and grants Danka's motion.

**A. ERISA Claim**

A former employee seeking benefits under an ERISA severance pay plan must follow the procedures in the plan and exhaust his remedies under the plan before filing suit. Burds v. Union Pacific Corp., 223 F.3d 814, 816-17 (8th Cir. 2000); Stuhlreyer v. Armco, Inc., 12 F.3d 75, 78 (6th Cir. 1993); Byrd v. MacPapers, Inc., 961 F.2d 157, 160-61 (11th Cir. 1992); Ridens v. Voluntary Separation Program, 610 F. Supp. 770, 778 (D. Minn. 1985)("It is well-settled that a claimant for benefits must exhaust the plan's internal claim procedures before seeking federal court review.")

Here, Article 5.5(a) of Danka's severance plan provides that a participant must apply for benefits by filing a written application identifying the benefits requested and describing all circumstances entitling him to the benefits. (Back Dep., Ex. 6.) Yet, Back failed to file any written application for benefits. While Back claims that he did not file an application because he did not know about the claim procedures, his argument fails because, at a minimum, Back has known about the claim procedures since the commencement of this litigation and still has not filed an application. (P.'s Mem. Opp'n Def.'s Mot. Summ. J. at 4.) Because the undisputable facts illustrate that Back has not followed the proper claim procedures, the court grants summary judgment for Danka on Back's ERISA claim.

**B. Retaliatory Discharge Claim**

Danka also seeks summary judgment on Back's claim of retaliatory discharge under Section 176.82. Minnesota courts apply the McDonald-Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973) analysis to retaliatory discharge claims under Section 176.82. Kunferman v. Ford Motor Co., 112 F.3d 962, 965 (8th Cir. 1997). To succeed on a reprisal claim, plaintiff has the initial burden of proving (1) participation in a protected activity, (2) an adverse employment action and (3) a causal connection between the two occurrences. Id.; Stevens v. St. Louis Univ. Med. Ctr., 97 F.3d 268, 270 (8th Cir. 1996). The defendant may then rebut the plaintiff's case by advancing a legitimate, nonretaliatory reason for the adverse employment action. Stevens, 97 F.3d at 270. If the defendant makes this showing, the plaintiff must show that the proffered reason was a pretext for illegal retaliation. Id.

To survive motion for summary judgment, a plaintiff claiming unlawful retaliation under Minnesota law must produce evidence sufficient to create genuine issue of material fact as to whether his protected activity caused retaliation. Kunferman, 112 F.3d at 965. Here, Back cannot make out a prima facie case of retaliatory discharge because Back presents no evidence of any causal connection between his protected activity, filing a worker's compensation claim, and the adverse employment action, his termination. Back only claims that he was informed that he was

being terminated while he was on worker's compensation. However, as Danka suggests, a claim under Minn. Stat. § 176.82 cannot survive summary judgment "merely because an employee was discharged subsequent to filing a claim for worker's compensation benefits. There must be some causal connection between the employee's discharge and the employee's filing for worker's compensation benefits." Loehrs v. John Alden Life Ins. Co., 1988 WL 27617 (Minn. Ct. App. March 29, 1988); Kunferman v. Ford Motor Co., 112 F.3d at 965 ("Timing alone cannot establish retaliatory intent."). The court therefore grants Danka's motion for summary judgment on Back's retaliatory discharge claim.

**C. Breach of Contract Claim**

Finally, Danka seeks summary judgment on Back's breach of contract claim. Back asserts that Danka, through its detailed employee handbooks and other communications about employee benefits, offered Back certain benefits, which he accepted in exchange for his agreement to work for Danka. (Second Amended Complaint at ¶ 36.) Back further claims that Danka breached the contract by failing to provide the benefits promised. (First Amended Complaint at ¶ 37.) The law and facts, however, provide no support for Back's claim.

Section 514(a) of ERISA provides that it "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" governed by it. 29 U.S.C. § 1144(a).

The statute defines state laws to include "all laws, decisions, rules, regulations, or other state action having the effect of law, of any state." 29 U.S.C. § 1144(c)(1). Therefore, ERISA will preempt a state law breach of contract claim if the claim requires the court to interpret or to apply the terms of an employee benefit plan. Bowles v. Quantum Chemical Co., 266 F.3d 622, 630 (7th Cir. 2001); see also Molasky v. Principal Mut. Life Ins. Co., 149 F.3d 881, 884 (finding state law breach of contract claim preempted by ERISA); Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993)(finding state law breach of contract claim preempted by ERISA).

Here, Back's breach of contract claim is for severance benefits set forth in Danka's severance pay plan. Because that plan is governed by ERISA, Back's contract claim is preempted by ERISA. In fact, in oral argument, Back's counsel essentially conceded that ERISA preempts Back's breach of contract claim. The court therefore grants Danka's motion for summary judgment on Back's breach of contract claim because the claim is preempted by ERISA.[1]

---

[1] In the alternative, Back's breach of contract claim fails because Back erroneously relies on Danka's employee handbook for support. Minnesota courts have consistently held that disclaimers in employee handbooks can prevent an employee from claiming contractual rights under the handbook. See e.g. Miller v. Citizens Sec. Group, 116 F.3d 343 (8th Cir. 1997)(holding disclaimer prevents an employee from claiming contractual rights under employee handbook); Michaelson v. Minnesota Mining & Manufacturing Company, 474 N.W.2d 174, 180 (Minn. Ct. App. 1991)(same); Audette v.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment is granted and plaintiff's claims are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 17, 2002

David S. Doty, Judge
United States District Court

---

Northeast State Bank, 436 N.W.2d 125, 127 (Minn. Ct. App. 1989)(same). Danka's handbook contains a clear disclaimer on the second page of the employee handbook. It unequivocally provides:

> This Employee Handbook is provided for informational purposes only. Danka reserves the right to review, modify, add and delete policies and procedures as appropriate. The Handbook should not be considered in any way to create a contract or guarantee of employment nor should it be construed as creating any rights, contractual or otherwise, to continued employment, benefits or working conditions between any employee and Danka.

(Back Ex. 3 at p. ii.) Based on the unambiguous language of the disclaimer, Back cannot rely upon the employee handbook to support his breach of contract claim. Instead, the disclaimer clearly prevents Back from claiming any contractual rights under the handbook.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.